UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND FARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | No. 2:17-cv-01237-KJM-AC<br><br><br>ORDER |

    Plaintiff sues his insurance provider, claiming it improperly denied him coverage after his motorcycle was stolen. ECF No. 1-1. On November 9, 2017, plaintiff moved for leave to file a first amended complaint to add an insurance broker as a defendant. ECF No. 11-1 at 2. Defendants have not opposed this motion.[1] As explained below, the court GRANTS this motion.

////

////

---

[1] Defendants are reminded of the requirement in the Local Rules that they serve a notice of non-opposition when a motion is not opposed. *See* L.R. 230(c). Future violations of the local rules, or any applicable rule or order of the court may be met with an order to show cause as to why sanctions should not issue.

1

The federal rules mandate that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). Before granting leave, a court considers any potential bad faith, delay, or futility regarding the proposed amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, there is a strong presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

This is plaintiff's first request for leave to amend. Considering Rule 15(a)'s liberal amendment policy, the early phase of this litigation, and the absence of any opposition, the court GRANTS plaintiff's request. The amended complaint is due within fourteen days.

Immediately thereafter, the parties will proceed to the court's Voluntary Dispute Resolution Program ("VDRP"), as previously referred. *See* Oct. 19, 2017 Minute Order, ECF No. 9. The status conference set for December 8, 2017 is hereby VACATED and will be reset as needed should VDRP prove unsuccessful.

IT IS SO ORDERED.

This order resolves ECF No. 11.

DATED: November 30, 2017.

_____
UNITED STATES DISTRICT JUDGE